Singh v. Holder

BIA
Christensen, IJ
A200 938 517

### UNITED STATES COURT OF APPEALS
### FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of March, two thousand fifteen.

PRESENT:
> DEBRA ANN LIVINGSTON,
> SUSAN L. CARNEY,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

_____

GULZAR SINGH,
> *Petitioner,*

v.                                                      14-1122
                                                        NAC

ERIC H. HOLDER, JR., UNITED
STATES ATTORNEY GENERAL,
> *Respondent.*

_____

FOR PETITIONER:          Jaspreet Singh, Law Office of
                         Jaspreet Singh, Fremont,
                         California.

FOR RESPONDENT:          Joyce R. Branda, Acting
                         Assistant Attorney General;
                         Derek C. Julius, Senior

Litigation Counsel; John M McAdams, Jr., Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Gulzar Singh, a native and citizen of India, seeks review of a March 18, 2014, decision of the BIA, affirming the July 5, 2012, decision of an Immigration Judge ("IJ"), denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Gulzar Singh*, No. A200 938 517 (B.I.A. Mar. 18, 2014), *aff'g* No. A200 938 517 (Immig. Ct. N.Y. City July 5, 2012). We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we have reviewed the IJ's decision as modified by the BIA, i.e., minus the

2

IJ's determination that relocation to another part of the country was possible, which the BIA declined to reach. *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

We conclude that the agency's adverse credibility determination is supported by substantial evidence. For asylum applications like Singh's, governed by the REAL ID Act, the agency may, "[c]onsidering the totality of the circumstances," base a credibility determination on inconsistencies in an applicant's statements and other record evidence "without regard to whether" they go "to the heart of the applicant's claim." 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 163-64 (2d Cir. 2008) (per curiam).

The IJ reasonably relied on material discrepancies among Singh's testimony, his application, and his corroborating documents. Singh testified that he was beaten by Alkali Dal Badal ("ADB") members and had only one

3

encounter with police after he tried to report ADB abuse; his wife, however, wrote that he was beaten by police at the behest of the ADB, not by ADB members. Moreover, Singh testified to numerous ADB threats prior to the two beatings in 2010, but neither his application nor his wife's letter mentioned any ADB threats. These discrepancies are material to Singh's claim of persecution, as they concern mistreatment by the ADB—the very activity upon which his claim of persecution rests. *Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 295 (2d Cir. 2006); *see also Xiu Xia Lin*, 534 F.3d at 166 n.3 (holding that omission is functionally equivalent to an inconsistency).

The IJ was not required to accept Singh's explanation for the discrepancies in his wife's letter—that she is uneducated—because, as the IJ noted, the remainder of Singh's wife's letter is accurate as to the details of Singh's involvement with the Alkali Dal Mann ("ADM"). *See Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

The IJ also reasonably relied on the discrepancy between Singh's testimony and the letter from an ADM

4

official. *Xiu Xia Lin*, 534 F.3d at 163-64. Singh testified to only one encounter with the police and insisted that there were no other encounters, but the ADM letter states that Singh and his family were consistently harassed by police. The IJ was not required to credit Singh's explanation that the author of the letter was mistaken. *Majidi*, 430 F.3d at 80-81.

Finally, the IJ reasonably found Singh's corroborating evidence insufficient to rehabilitate his discredited testimony. *Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) (per curiam). Singh submitted no evidence that ADB members persecute ADM members. The State Department report in the record said nothing about ADB mistreatment of ADM members or conflict between political parties in the Punjab generally. Other than the letters from his wife and an ADM official, Singh submitted a letter from his local Sikh temple stating that the ADB had "bothered" him, as well as a doctor's note listing his injuries but providing no cause for them. The IJ was not required to give any particular weight to these documents, particularly given

5

their lack of detail. *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006). Accordingly, the IJ reasonably found that Singh failed to rehabilitate his testimony.

Considering the discrepancies among Singh's testimony, his application, and his supporting documents, as well as his failure to submit evidence corroborating his story, the IJ's adverse credibility determination is based on substantial evidence. Accordingly, because all of Singh's claims were based on the same factual predicate and relied on his credibility, the agency did not err in denying asylum, withholding of removal, and CAT relief. *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance

with Federal Rule of Appellate Procedure 34(a)(2), and

Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk